GLUCKMANN *v.* ANDERSON.

5-41                                            256 S. W. 2d 319

Opinion delivered March 30, 1953.

*Shaw, Jones & Shaw,* for appellant.

*Batchelor & Batchelor* and *Robinson & Edwards,* for appellee.

ROBINSON, Justice. There was a collision between an automobile driven by appellant, Morton Gluckmann, and one operated by appellee, H. P. Anderson, who filed suit for damages and recovered a judgment in the sum of $2,750.

There are two issues on appeal. First, is there any substantial evidence of negligence on the part of appellant Gluckmann? Second, does the evidence show that as a matter of law Anderson is guilty of contributory negligence?

Appellant Gluckmann was driving south on Highway 71 about 3 miles north of Alma, and when he reached a point approximately in front of a mercantile establishment known as Dean's Market, he ran into the side of an automobile driven by appellee Anderson. North of the point where the collision occurred there is a decided dip in the highway; there is a conflict in the evidence as to just how far north of the point of collision is the bottom of the dip. There is evidence which indicates it is 100 feet, whereas there is other evidence indicating it is 300 feet. From the pictures introduced at the trial, it appears that it would be very difficult for one sitting in an automobile at the place of collision to see a car approaching from the north when it was at the bottom of the dip, or for one in an automobile at the bottom of the dip to see a car on the highway at the point of collision.

Anderson testified that he had stopped at Dean's Market, which is on the west side of the highway; that when he was leaving there he saw two cars approaching from the north and waited for one of them to pass, and then attempted to cross over to the east half of the concrete highway as he wanted to go north. Gluckmann testified that he was going not over 50 miles per hour, and as he came out of the dip and reached the crest of the hill, he saw Anderson's automobile on the pavement headed east about 100 feet away, that he swerved to the left, and that when he finally hit Anderson's car he was headed east. There is substantial evidence to show that Anderson had passed over the west half of the highway and was on the east half headed north when Gluckmann struck him.

The evidence would justify a jury in finding that if Gluckmann had continued on his own side of the road, the collision would not have occurred; and that he was negli-

gent in not doing so; and from the testimony we cannot say as a matter of law that Anderson was guilty of contributory negligence.

Affirmed.